IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL A. CRABTREE**, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, *et al.*, | : : : : : : |
| Plaintiffs, | : Case No.: 1:19-cv-01596-TNM : |
| v. | : : |
| **MILLER PIPELINE, LLC**, d/b/a MILLER PIPELINE CORPORATION | : : : |
| Defendant. | : |

## AMENDED COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE BENEFIT FUNDS AND FOR AN AUDIT)

Plaintiffs, pursuant to Federal Rule of Civil Procedure 8(a), hereby allege the following:

## PARTIES

1.  Plaintiff, Michael A. Crabtree, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Central Pension Fund").  The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).  The Central Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.  The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016.

The Plaintiff, Michael A. Crabtree, C.E.O. of the Central Pension Fund, is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Central Pension Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

2. Plaintiff, Board of Trustees of the International Union of Operating Engineers and Pipe Line Employers Health and Welfare Fund ("Health and Welfare Fund") is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3). The Health and Welfare Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Health and Welfare Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Health and Welfare Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036. The individual members of the Board of Trustees are designated fiduciaries in accordance with the Health and Welfare Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Health and Welfare Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

3. Plaintiff, Board of Trustees of the International Union of Operating Engineers and PLCA National Pipe Line Training Fund ("Pipe Line Training Fund") is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3).  The Pipe Line Training Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).  The Pipe Line Training Fund was established and is maintained in accordance with its Agreement and Declaration of Trust.  The Pipe Line Training Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036.  The individual members of the Board of Trustees are designated fiduciaries in accordance with the Pipe Line Training Fund's Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Pipe Line Training Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

4.  The Plaintiff Board of Trustees of the International Union of Operating Engineers National Training Fund ("National Training Fund") is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3).  The National Training Fund is a multiemployer plan as that term is defined in Section 2(37) of ERISA, 29 U.S.C. § 1002(37).  The National Training Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The National Training Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036.  The individual members of the Board of Trustees are designated fiduciaries in accordance with the National Training Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(1). The National Training Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

5. Defendant Miller Pipeline, LLC d/b/a Miller Pipeline Corporation ("Miller Pipeline"), is an Illinois limited liability company with an office located at 8850 Crawfordsville Road, Indianapolis, Indiana, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION AND VENUE

6. This is an action to collect contributions due to employee benefit plans under the terms of collective bargaining agreements and trust agreements. This Court has subject matter jurisdiction under §§ 502(a)(3), (e)(1) and (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (e)(1) and (g) and 1145, and 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

8. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

9. Defendant Miller Pipeline has been bound at all relevant times to the National Distribution, Utilities & Maintenance Agreement and the National Pipe Line Agreement with the International Union of Operating Engineers ("Agreements") that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant.

10. Pursuant to the Agreements the Defendant agreed to pay certain sums of money to the Plaintiffs for certain hours worked by employees of the Defendant performing work covered by the Agreements.

11. Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

12. Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum.

13. Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs.

14. Pursuant to the Restated Agreements and Declarations of Trust, an employer making contributions to the Plaintiffs is obligated to supply records necessary to permit the Plaintiffs to determine if the employer is making the required payments.

15. During the months of July 2015 through the present the Defendant employed employees performing work covered by the Agreements.

16. The Defendant conducted an internal preliminary assessment of its books and records to analyze payroll compliance for the period July 2015 through January 2020, which was completed and supplied to Plaintiffs in or around March 2020.

17. Pursuant to that internal preliminary assessment, it was discovered that the Defendant failed to pay all contributions owing to the Plaintiffs Central Pension Fund, Health and Welfare Fund, Pipeline Training Fund, and National Training Fund during the months of

July 2015 through January 2020. The Plaintiffs have not yet independently verified the accuracy of the Defendant's internal preliminary assessment.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUNDS)

18. Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 17 as if fully set forth in this Count I.

19. During the months of July 2015 through January 2020 the Defendant failed to pay all contributions owing to the Central Pension Fund, Health and Welfare Fund, Pipe Line Training Fund and National Training Fund under the Agreements in the total approximate amount of $1,291,408.18.

20. The Defendant failed to pay the amounts owing to the Central Pension Fund, Health and Welfare Fund, Pipe Line Training Fund and National Training.

21. By virtue of the failure to pay all contributions as contractually required, the Defendant is in contravention of the Agreements and the obligations under the Central Pension Fund's, Health and Welfare Fund's, Pipe Line Training Fund's and National Training Fund's Restated Agreements and Declarations of Trust, and Section 515 of ERISA.

22. The Central Pension Fund, Health and Welfare Fund, Pipe Line Training Fund and National Training Fund are entitled to judgment against Defendant for all contributions owed for the period July 2015 through January 2020.

23. The Plaintiffs will seek a judgment in this action against the Defendant for any additional contributions uncovered for the period July 2015 through January 2020, as well as

all contributions, interest, liquidated damages, audit costs and attorneys' fees and costs which become due, or are estimated to be due, after January 31, 2020, up to the date of judgment.

## **COUNT II**

## **(AUDIT)**

24. Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 23 as if fully set forth in this Count II.

25. An audit of the Defendant's records for the period of July 2015 through the present will permit the Plaintiffs to determine whether the Defendant is properly reporting and paying the contribution amounts owed to the Plaintiffs, and whether the internal preliminary assessment conducted by the Defendant accurately calculated all outstanding contribution amounts owed to the Plaintiffs.

26. Under the terms of the Plaintiffs' Restated Agreements and Declarations of Trust and the Agreements, Plaintiffs are entitled to conduct an audit of Defendant's records, at the Defendant's expense.

**WHEREFORE,** Plaintiffs pray judgment against the Defendant as follows:

A. For unpaid contributions due and owing to the Plaintiffs for work performed during the months of July 2015 through January 2020.

B. For such contributions that may accrue and/or are found to be due and owing to the Plaintiffs, after January 31, 2020, subsequent to the filing of this Amended Complaint, during the pendency of this action, or up to the date of judgment pursuant to the Agreements, Restated Agreement and Declaration of Trust and/or 29 U.S.C. § 1132(g)(2).

C. For liquidated damages and interest for any late-paid and unpaid contributions, audit fees, costs and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2) and/or

the Plaintiffs' Restated Agreements and Declarations of Trust after the period January 31, 2020, up to the date of judgment.

        D.        For a Court Order requiring Defendant to submit all payroll books and records to Plaintiffs for an updated audit at the Defendant's cost for the period of July 2015 through the date the audit is completed, and for any and all contributions, liquidated damages, and interest owed to the Plaintiffs which are due after January 31, 2020, as a result of the updated audit.

        E.        Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: May 28, 2020

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 362-2640
cgilligan@odonoghuelaw.com

By:    /s/ Charles W. Gilligan
        Charles W. Gilligan (Bar No. 394710)
        *Attorney for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Amended Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 28th day of May, 2020, on the following:

>The Office of Division Counsel
>Associate Chief Counsel (TE/GE) CC:TEGE
>Room 4300
>1111 Constitution Avenue
>Washington, DC  20224
>
>Secretary of Labor
>200 Constitution Ave., N.W.
>Washington, DC  20210
>
>Attention:  Assistant Solicitor for
>            Plan Benefits Security

/s/ Charles W. Gilligan<br>Charles W. Gilligan